MAX E. KLEIN, Doing Business under the Firm Name of ARROW SILK MILLS, Respondent, *v.* WILLIAM J. SMITH, Doing Business under the Firm Name of W. J. SMITH SILK Co., Appellant.

**Evidence — action to recover for goods sold — when exclusion of evidence that plaintiff on previous trial had admitted a warranty constitutes reversible error.**

Where, in an action to recover the purchase price of goods sold, the sole issue litigated is whether a warranty had been given, defendant is entitled to the benefit of any evidence tending to show that his adversary had changed position and in some form had admitted the warranty which he was then denying. Evidence, therefore, that on a previous trial he had admitted that he sold the goods " as absolutely perfect " was competent and where the evidence upon the issue was not very unevenly divided its exclusion constituted reversible error.

*Klein* v. *Smith*, 206 App. Div. 662, reversed.

(Argued October 12, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 25, 1923, affirming a judgment in favor of plaintiff entered upon a verdict.

*I. Maurice Wormser, Leonard Acker* and *Samuel S. Kogan* for appellant. Reversible error was committed by the trial court in precluding defendant from cross-examining plaintiff as to his testimony given at the first trial, that he had sold the goods as " absolutely perfect." (*People* v. *Becker*, 210 N. Y. 274; *Reed* v. *McCord*, 160 N. Y. 330; *Larkin* v. *Nassau Elec. R. R. Co.*, 205 N. Y. 267; *Goldberg* v. *Weinberger*, 115 N. Y. Supp. 1098; *Burke* v. *Borden's Condensed Milk Co.*, 98 App. Div. 219; *Squier* v. *Hanover Fire Ins. Co.*, 162 N. Y. 552; *Lehrer* v. *Supreme Lodge*, 151 N. Y. Supp. 991; *N. Y. G. & I. Co.* v. *Gleason*, 78 N. Y. 503; *Palestine H. W. Co.* v. *Terminal Warehouse Co.*, 67 Misc. Rep. 456.)

*Harold R. Medina* and *I. Gainsburg* for respondent.

HISCOCK, Ch. J. This action was brought to recover the purchase price of goods sold by plaintiff to the defendant. The defense is that such goods were sold under a warranty, that they did not comply with the warranty and were promptly rejected. The action has been tried three times. On the first trial the plaintiff recovered a judgment which was reversed by the Appellate Division practically because the verdict was against the weight of evidence. On the second trial there was a disagreement of the jury and on the third trial, involved in this appeal, plaintiff again recovered a judgment.

The defendant has at all times insisted that there was a warranty and that the goods did not comply therewith and he further insists that the plaintiff's position upon this point has changed between the first and the last trial; that whereas on the last trial he denied that any warranty was given and admitted that the goods did not comply with such a warranty if given, on the

first trial he admitted that such a warranty was given and claimed that the goods complied therewith.

Since upon the last trial the sole issue litigated was the one whether a warranty had been given, the defendant was entitled to the benefit of any evidence which tended to show that his adversary had changed position and in some form had admitted a warranty which he was then denying. I think that he offered some evidence of this character which was erroneously excluded. He attempted to show that on the first trial the plaintiff in reply to the question, " Did you sell that merchandise (the merchandise involved in this action) as absolutely perfect? " answered, " Yes, sir," but the evidence was excluded upon the objection that it was incompetent.

As I understand it we are all agreed that the evidence was competent and that it was error to exclude it, the only difference of opinion being whether the error was so immaterial that it can be disregarded. I do not think that it was of such a character. As has already been pointed out this litigation has been strenuously contested and in its last stages took the form that the only dispute between the parties was over the single question whether a warranty had been given by plaintiff upon the sale of the goods. The evidence upon this issue was not very unevenly divided and if the jury had been convinced that the plaintiff had changed his position and had at one time admitted a warranty which he was then denying, their verdict would quite probably have been affected by such evidence. I think that the testimony which defendant sought to introduce may bear the interpretation which he places upon it and that this being so it was a substantial error to exclude it.

I, therefore, recommend that the judgment be reversed and a new trial granted, costs to abide event.

HOGAN, POUND and McLAUGHLIN, JJ., concur; CARDOZO, CRANE and ANDREWS, JJ., dissent.

Judgment reversed, etc.